HELLSTAR STUDIOS INC.,

    Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A TO THE
COMPLAINT,

    Defendants.

Case No. 1:26-cv-02284-LAP

## ~~[PROPOSED]~~ PRELIMINARY INJUNCTION ORDER

**THIS MATTER** comes before the Court on the application of HELLSTAR STUDIOS

INC. ("Plaintiff" or "Hellstar"), brought by way of Order to Show Cause, for entry of a Preliminary

Injunction (the "Application") against the Defendants identified on the Schedule A to the

[Proposed] Preliminary Injunction Order attached hereto (collectively, "Defendants") and using at

least the domain names or online marketplace accounts identified on the Schedule A (collectively,

the "Defendant User Accounts"); and

**THE COURT** having reviewed the papers in support of the Application; and the Court

having found that Plaintiff meets the criteria for entry of preliminary injunctive relief; and

This Court further finds that it has personal jurisdiction over the Defendants because the

Defendants directly target their business activities toward consumers in the United States,

including New York, by selling and shipping products into this Judicial District. Specifically,

Defendants are reaching out to do business with New York residents by operating one or more

commercial, interactive Internet Stores through which New York residents can purchase

counterfeit versions of Plaintiff's products ("Counterfeit Products") bearing, using, or infringing upon Plaintiff's trademarks covered by U.S. Trademark Registration Nos. 6,568,497; 7,321,184; and 7,457,611 (the "HELLSTAR Trademarks").

**THIS COURT** having determined that the evidence submitted in support of the Application establishes Plaintiff has a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm, if the injunction is not granted including for example:

1. Through the Declarations of Sebastian Santoro and Christopher Tom and accompanying evidence, Plaintiff has proven a prima facie case of trademark infringement because (1) the HELLSTAR Trademarks are registered with the U.S. Patent and Trademark Office and Plaintiff holds all right, title, and interest in and to the HELLSTAR Trademarks; (2) Plaintiff develops, markets, and sells products using the HELLSTAR Trademarks; (3) Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products using the marks covered by the HELLSTAR Trademarks; (4) an ordinary observer would be deceived into thinking that the Counterfeit Products are the same as Plaintiff's Hellstar products or would be confused by Defendants' use of the HELLSTAR Trademarks; and (5) Defendants are not licensed or authorized to use the HELLSTAR Trademarks and none of the Defendants is an authorized retailer of genuine Hellstar Products.

2. Defendants' continued and unauthorized use of the HELLSTAR Trademarks irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales.

3. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law; and

4. The public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions; and

**THIS COURT** having determined, therefore, that injunctive relief initially granted in the Temporary Restraining Order ("TRO") on March 23, 2026 [Dkt. No. 18] and later extended on March 30, 2026 [Dkt. No. 20] should remain in place through the pendency of this litigation and issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65;

**NOW THEREFORE**, on this _____ day of _____, 2026, this Court ORDERS that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

   a. Using the HELLSTAR Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any Counterfeit Products;

   b. Passing off, inducing, or enabling others to sell or pass off any product as a genuine Hellstar product that is not, in fact, a genuine Hellstar product and/or not produced under the authorization, control, or

supervision of Plaintiff and approved by Plaintiff for sale using the HELLSTAR Trademarks;

c. Committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. Further infringing the HELLSTAR Trademarks and damaging Plaintiff's goodwill;

e. Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear the HELLSTAR Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof;

f. Using, linking to, transferring, selling, exercising control over, or otherwise owning the User Accounts, the Defendant Internet Stores, or any other domain name or online marketplace account that is currently being used to sell or is the means by which Defendants could continue to sell counterfeit versions of Plaintiff's Products; and

g. Operating and/or hosting websites and/or any other web presence registered or operated by Defendants that are currently involved with the distribution, marketing, advertising, offering for sale, or sale of any product using the HELLSTAR Trademarks.

4

2. Each Defendant, within fourteen (14) days after receiving notice of this Order, shall serve upon Plaintiff a written report under oath providing: (a) their true name and physical address, (b) all websites and online marketplace accounts on any platform that they own and/or operate (c) their financial accounts, including by way of example, all AliPay, AllPay/GoAllPay, Amazon, Bank of China, Coinbase, DHgate, eBay, HyperWallet, JD.com, Joom, Lakala, LianLian, OFX, Paxful, PayEco, Payoneer, PayPal, PingPong, SellersFunding, Shopify, Stripe, Temu, Union Mobile/UmPay/UmPay2, Temu, Walmart, Wise/TransferWise, Wish, and World First accounts, and (d) the steps taken by each Defendant to comply with paragraph 1, a through g, above

3. Within five (5) days of receipt of this Order, Amazon, Shein, Temu, Walmart, and any other online marketplace platform or service provider hosting or servicing a Defendant User Account are directed to disable and cease providing services for any Defendant User Accounts through which Defendants are currently engaged in the sale of counterfeit and infringing goods using the HELLSTAR Trademarks.

4. Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any Defendant User Account, including, without limitation, any online marketplace platforms such as Amazon, DHgate eBay, etsy, Redbubble, Temu, Walmart, Wish, Facebook, Internet Service Providers ("ISP"), web hosts, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers, including AliPay, AllPay/GoAllPay, Amazon, Bank of China, Coinbase, DHgate, eBay, HyperWallet, JD.com, Joom, Lakala, LianLian, OFX, Paxful, PayEco, Payoneer, PayPal, PingPong, SellersFunding, Shopify, Stripe, Temu, Union Mobile/UmPay/UmPay2, Walmart, Wise/TransferWise, Wish, and World First, third party processors and other payment processing service providers, shippers, and domain name registrars

(collectively, the "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

a.  The identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information;

b.  The nature of Defendants' operations and all associated sales and financial information, including, without limitation, identifying information associated with the Defendant User Accounts, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Defendant User Accounts;

c.  Defendant User Accounts or any domain name registered by Defendants;

d.  Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, AliPay, AllPay/GoAllPay, Amazon, Bank of China, Coinbase, DHgate, eBay, HyperWallet, JD.com, Joom, Lakala, LianLian, OFX, Paxful, PayEco, Payoneer, PayPal, PingPong, SellersFunding, Shopify, Stripe, Union Mobile/UmPay/UmPay2, Temu, Walmart, Wise/TransferWise, Wish, World First, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. Western Union shall, within five (5) business days of receipt of this Order, block any Western Union money transfers and funds from being received by the Defendants identified in Schedule A to the [Proposed] Preliminary Injunction Order until further ordered by this Court.

7. Amazon, Shein, Temu, Walmart, and any other online marketplace platform or service provider hosting or servicing a Defendant User Account shall, within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

    a. Locate all accounts and funds connected to and related to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any AliPay, AllPay/GoAllPay, Amazon, Bank of China, Coinbase, DHgate, eBay, HyperWallet, JD.com, Joom, Lakala, LianLian, OFX, Paxful, PayEco, Payoneer, PayPal, PingPong, SellersFunding, Shopify, Stripe, Temu, Union Mobile/UmPay/UmPay2, Walmart, Wise/TransferWise, Wish, and World First accounts connected to and related to the Defendants listed in Schedule A to this order; and

    b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

8. Any banks, savings and loan associations, payment processors, or other financial institutions, for any Defendant or any Defendant User Account, shall within five (5) business days of receipt of this Order:

    a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any accounts connected to the Defendants listed in the Schedule A to this Order; and

    b. Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

9. Plaintiff may provide notice of these proceedings to Defendants by electronically publishing a link to the Complaint, this Order and other relevant documents on a website or by sending an e-mail to all e-mail addresses identified by Plaintiff and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

10. Plaintiff's Schedule A to the Complaint, Exhibit 1 to the Declaration of Hou Yingchun, and Exhibit 2 to the Declaration of Sebastian Santoro shall become unsealed.

11. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.

12.    The five thousand dollars ($5,000.00) bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

Dated: _April 20, 2026_

_Loretta A. Preska_
Honorable Loretta A. Preska
United States District Judge

## SCHEDULE A TO [PROPOSED] PRELIMINARY INJUNCTION ORDER

| DOE No. | Seller Name | Seller URL |
|---|---|---|
| 1 | Fezala | https://www.amazon.com/sp?seller=A3UHE9JZZ7YTFA |
| 2 | Xuri Lanfeng trading | https://www.amazon.com/sp?seller=A1Y45N1RM976TP |
| 3 | BFDGDN | https://us.shein.com/store/home?store_code=2405671739 |
| 4 | CATMALL | https://us.shein.com/store/home?store_code=9682465638 |
| 5 | Civic Thread Co. | https://us.shein.com/store/home?store_code=7965653317 |
| 6 | dshdfhfshf | https://us.shein.com/store/home?store_code=9323742504 |
| 7 | eseghsdfhfd | https://us.shein.com/store/home?store_code=3023570115 |
| 8 | Hai zhi shop | https://us.shein.com/store/home?store_code=5529509797 |
| 9 | haowennvzhuang | https://us.shein.com/store/home?store_code=8177772199 |
| 10 | Hemo Marketplace | https://us.shein.com/store/home?store_code=8596533417 |
| 11 | LY Maxx | https://us.shein.com/store/home?store_code=1167468256 |
| 12 | MNAZUJER SHOP | https://us.shein.com/store/home?store_code=8303628281 |
| 13 | Natural clothing | https://us.shein.com/store/home?store_code=6330403086 |
| 14 | PROJECT 404 | https://us.shein.com/store/home?store_code=2952491651 |
| 15 | rhk moo | https://us.shein.com/store/home?store_code=9725677255 |
| 16 | Turbo Tropics | https://us.shein.com/store/home?store_code=7806479875 |
| 17 | uaddw | https://us.shein.com/store/home?store_code=2980415943 |
| 18 | Unique Tailor | https://us.shein.com/store/home?store_code=4287972490 |
| 19 | Vibe Stitch | https://us.shein.com/store/home?store_code=2732206005 |
| 20 | Vintage Rig | https://us.shein.com/store/home?store_code=8984934684 |
| 21 | Ya fashion | https://us.shein.com/store/home?store_code=8778219100 |
| 22 | Yehuu | https://us.shein.com/store/home?store_code=5819505691 |
| 23 | Zsquare | https://us.shein.com/store/home?store_code=8927576984 |
| 24 | AA LLING | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418226706574 |
| 25 | Acre Wear | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418226359054 |

| | | |
|---|---|---|
| 26 | AmeriVibe Streetwear | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 25284614 |
| 27 | Big handsomee | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 24751141 |
| 28 | BYLQQ | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 26266974 |
| 29 | CHEERFUL GIRLS | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 24751141 |
| 30 | Clothing for salee | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 24801749 |
| 31 | EleganteaT | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 24997252 |
| 32 | Everyday Glamour | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 16703313 |
| 33 | Fashion Forwarda | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 22552381 |
| 34 | FGHJKLMFF | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 22560609 |
| 35 | Lightweight Styling Gallery | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 26934840 |
| 36 | Lynn Han | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 20108754 |
| 37 | M Fashionn | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 25297975 |
| 38 | NBCLUS Men Tops | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 16209484 |
| 39 | Open Joy | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 26461514 |
| 40 | Orca E | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 23007230 |
| 41 | Regal Bliss | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 19589644 |
| 42 | Rush X | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 18892716 |
| 43 | Shihui happy | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 27188879 |

| 44 | Shiny Gear | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 26927007 |
|---|---|---|
| 45 | SR Clothing I | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 26017704 |
| 46 | TETE KIDS | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 10747633 |
| 47 | Variety wardrobe | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 19709639 |
| 48 | Wuyilin LUCKY | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 27091081 |
| 49 | xiangyixiang | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 25479623 |
| 50 | XPOPLZ M shirts | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 20110050 |
| 51 | XUAAA | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 27471991 |
| 52 | XUBBB | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 27472094 |
| 53 | Yichi studio | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 17805252 |
| 54 | Your design K | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 20166343 |
| 55 | YTwo Yi | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 24467184 |
| 56 | zhandong one | https://www.temu.com/mall.html?_bg_fs=1&mall_id=6344182 26924153 |
| 57 | ChushenTrading | https://www.walmart.com/reviews/seller/102587554 |
| 58 | Fashion T-Shirt Store | https://www.walmart.com/reviews/seller/102836615 |
| 59 | FLEUR FASHION | https://www.walmart.com/reviews/seller/102841742 |