**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HELLSTAR STUDIOS INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br><br>Defendants. | Case No. 1:26-cv-02284-LAP |

# ~~[PROPOSED]~~ DEFAULT JUDGMENT

THIS CASE having been commenced by HELLSTAR STUDIOS INC. ("Plaintiff" or "HELLSTAR") against the Defendants identified on the Amended Schedule A (collectively, the "Defaulting Defendants") and using at least the seller identities identified in the Amended Schedule A (the "Defaulting Defendant Internet Stores"), and Plaintiff having moved for entry of Default and Default Judgment against the Defaulting Defendants;

Plaintiff having properly completed service of process on Defaulting Defendants pursuant to the methods authorized in the Order to Show Cause for Preliminary Injunction and Temporary Restraining Order [Dkt. No. 18] and the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from marketplace platforms and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered the Complaint or appeared in any

way, the time for answering the Complaint having expired, and the Clerk having entered the Certificate of Default [Dkt. No. 59];

THIS COURT FURTHER FINDS that it has personal jurisdiction over the Defaulting Defendants because the Defaulting Defendants directly target their business activities toward consumers in the United States, including New York, offering to sell and ship products into this Judicial District. Specifically, Defaulting Defendants are reaching out to do business with New York residents by operating one or more commercial, interactive Defaulting Defendant Internet Stores through which New York residents can purchase products bearing counterfeit versions of products utilizing Plaintiff's trademarks registered under U.S. Trademarks Registration Nos. 6,568,497; 7,321,184; and 7,457,611 (the "HELLSTAR Trademarks");

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114 *et seq.*), false designation of origin (15 U.S.C. § 1125(a) *et seq.*), and violation of unfair competition under New York common law;

IT IS HEREBY ORDERED that Plaintiff's Defaulting Defendants are deemed in default and that this Default Judgment is entered against Defaulting Defendants.

Accordingly, this Court ORDERS that

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from

   a. using Plaintiff's HELLSTAR Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, and/or sale of any product that is not a genuine HELLSTAR

product or not authorized by Plaintiff to be sold in connection with Plaintiff's HELLSTAR Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine HELLSTAR product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's HELLSTAR Trademarks;

c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing Plaintiff's HELLSTAR Trademarks and damaging Plaintiff's goodwill;

e. otherwise competing unfairly with Plaintiff in any manner; and

f. shipping, delivering, holding for sale, transferring, and/or otherwise moving, storing, distributing, returning, and/or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's HELLSTAR Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof.

2. Those in privity with Defaulting Defendants and with actual notice of this Order, including any online marketplaces such as Amazon, Shein, Temu, and Walmart, social media platforms, Facebook, YouTube, LinkedIn, X, internet search engines such as Google, Bing and

Yahoo, web hosts for the Defaulting Defendant Internet Stores, and domain name registrars, shall within five (5) business days of receipt of this Order

a. disable and cease providing services for any accounts through which Defaulting Defendants engage in the sale of counterfeit and infringing goods using the HELLSTAR Trademarks, including any accounts associated with the Defaulting Defendants listed on the Amended Schedule A;

b. disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and/or infringing goods using the HELLSTAR Trademarks; and

c. take all steps necessary to prevent links to the Defaulting Defendant Internet Stores identified on the Amended Schedule A from displaying in search results, including, but not limited to, removing links to the Defaulting Defendant Internet Stores from any search index.

3. Those in privity with Defaulting Defendants and with actual notice of this Order, including third-party platforms Amazon, Payoneer, PayPal, PingPong, Shein, Temu, and Walmart, shall within five (5) business days search and provide resulting discovery for Defaulting Defendant accounts based on identifying information provided by Plaintiff's counsel, including but not limited to, account IDs, legal names, and associated e-mail addresses.

4. Amazon.com, Inc. ("Amazon") and any related companies and affiliates shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts

connected to Defaulting Defendants or the Defaulting Defendant Internet Stores identified in the Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

5. Payoneer, Inc. ("Payoneer") and any related companies and affiliates shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defaulting Defendant Internet Stores identified in the Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

6. PayPal Holdings, Inc. ("PayPal") and any related companies and affiliates shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defaulting Defendant Internet Stores identified in the Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

7. Ping Pong Global Holdings Limited ("PingPong") and any related companies and affiliates shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defaulting Defendant Internet Stores identified in the Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

8. SHEIN US Services, LLC ("Shein") and any related companies and affiliates shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defaulting Defendant Internet Stores identified in the Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

9. Whaleco Inc. ("Temu") and any related companies and affiliates shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defaulting Defendant Internet Stores identified in the Second Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

10. Walmart Inc. ("Walmart") and any related companies and affiliates shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defaulting Defendant Internet Stores identified in the Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

11. Pursuant to 15 U.S.C. § 1117, Plaintiff are awarded statutory damages from each of the Defaulting Defendants in the amount of one hundred fifty thousand dollars ($150,000.00).

12. All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by Amazon, Payoneer, PayPal, PingPong, Shein, Temu, and Walmart, are hereby released to Plaintiff as partial payment of the above-identified damages, and are ordered to be released to Plaintiff from Defaulting Defendants' accounts within ten (10) business days of receipt of this Order.

13. Until Plaintiff has recovered full payment of monies owed by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Amazon, Payoneer, PayPal, PingPong, Shein, Temu, and Walmart to satisfy payment owed by the Defaulting Defendants under their existing accounts or any new accounts identified. Upon receipt of this Order, Payoneer, Temu, and Walmart shall within five (5) business days

a. locate all accounts and funds connected to Defaulting Defendants, the Defaulting Defendant Internet Stores, or other online

marketplace accounts or seller identities that are being used to sell or are the means by which Defaulting Defendants could continue to sell counterfeit HELLSTAR products, including, but not limited to, any accounts;

b. restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

c. release all monies restrained in Defaulting Defendants' accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

14. Until Plaintiff has recovered full payment of monies owed by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on any banks, savings and loan associations, or other financial institutions (collectively, the "Financial Service Providers") to satisfy payment owed by the Defaulting Defendants under their existing accounts or any new accounts identified. Upon receipt of this Order, the Financial Service Providers shall within five (5) business days

a. locate all accounts and funds connected to Defaulting Defendants, the Defaulting Defendant Internet Stores, or other online marketplace accounts or seller identities that are being used to sell or are the means by which Defaulting Defendants could continue to sell counterfeit HELLSTAR products, including, but not limited to, any accounts;

b. restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

c. release all monies restrained in Defaulting Defendants' accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

15. In the event that Plaintiff identifies any additional online marketplace accounts, domain names, or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to Defaulting Defendants by e-mail at the e-mail addresses identified by Plaintiff and any e-mail addresses provided for Defaulting Defendants by third parties.

16. Plaintiff may serve this Order on third party providers, including Amazon, Payoneer, PayPal, PingPong, Shein, Temu, and Walmart, by e-mail delivery to the e-mail addresses Plaintiff used to serve the Temporary Restraining Order on third party providers.

17. The five-thousand-dollar ($5,000) bond posted by Plaintiff, including any interest minus the registry fee, is hereby released to Plaintiff or their counsel. The Clerk of the Court is directed to return the bond previously deposited with the Clerk of the Court to Plaintiff or their counsel.

Dated: September 9, 2026

Loretta A. Preska
Honorable Loretta A. Preska
United States District Judge

**AMENDED SCHEDULE A**

| DOE No. | Seller Name | Seller URL |
|---|---|---|
| 1 | Fezala | https://www.amazon.com/sp?seller=A3UHE9JZZ7YTFA |
| [redacted] | | |
| 3 | BFDGDN | https://us.shein.com/store/home?store_code=2405671739 |
| [redacted] | | |
| 7 | eseghsdfhfd | https://us.shein.com/store/home?store_code=3023570115 |
| [redacted] | | |
| 9 | haowennvzhuang | https://us.shein.com/store/home?store_code=8177772199 |
| 10 | Hemo Marketplace | https://us.shein.com/store/home?store_code=8596533417 |
| [redacted] | | |
| 12 | MNAZUJER SHOP | https://us.shein.com/store/home?store_code=8303628281 |
| [redacted] | | |
| 22 | Yehuu | https://us.shein.com/store/home?store_code=5819505691 |
| [redacted] | | |
| 28 | BYLQQ | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418226266974 |
| [redacted] | | |

| | | |
|---|---|---|
| [redacted] | [redacted] | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418224997252<br>https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418216703313 |
| 33 | Fashion Forwarda | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418222552381 |
| [redacted] | [redacted] | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418222560609<br>https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418226934840<br>[redacted] |
| 38 | NBCLUS Men Tops | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418216209484 |
| 39 | Open Joy | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418226461514 |
| [redacted] | [redacted] | [redacted] |
| 41 | Regal Bliss | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418219589644 |
| [redacted] | [redacted] | [redacted]<br>https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418227188879<br>https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418226927007<br>[redacted]<br>https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418210747633 |
| [redacted] | [redacted] | [redacted] |
| 48 | Wuyilin LUCKY | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418227091081 |
| [redacted] | [redacted] | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418225479623<br>https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418220110050 |
| 51 | XUAAA | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418227471991 |
| 52 | XUBBB | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418227472094 |
| [redacted] | [redacted] | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418217805252 |

| | | |
|---|---|---|
| 54 | Your design K | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418220166343 |
| [redacted] | [redacted] | https://www.temu.com/mall.html?_bg_fs=1&mall_id=634418224467184 |
| 57 | ChushenTrading | https://www.walmart.com/reviews/seller/102587554 |
| 58 | Fashion T-Shirt Store | https://www.walmart.com/reviews/seller/102836615 |
| 59 | FLEUR FASHION | https://www.walmart.com/reviews/seller/102841742 |